UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LAZARO SANTOS, *pro se*,                :
                                        :
                Petitioner,             :
                                        :    **MEMORANDUM AND ORDER**
        -against-                       :
                                        :    05-CV-5975 (DLI)
LEO E. PAYANT, SUPERINTENDENT,          :
MOHAWK CORRECTIONAL FACILITY,           :
                                        :
                Respondents.            :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner, Lazaro Santos ("Petitioner"), was convicted in the New York State Supreme Court, Queens County, on September 14, 2004, following a plea of guilty for grand larceny in the third degree under New York Penal Law section ("P.L. §") 155.35. Petitioner was sentenced, as a second felony offender, to an indeterminate term of three-to-six years. Petitioner did not make a timely direct appeal.

On December 28, 2004, Petitioner filed a *pro se* motion pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.20 to set aside his sentence, claiming that he was improperly adjudicated a predicate felony offender. On February 25, 2005, the Queens County Supreme Court denied Petitioner's motion. The Appellate Division of the New York State Supreme Court, Second Department, (the "Appellate Division") denied Petitioner's *pro se* application for leave to appeal on May 9, 2005.

1

Thereafter, on December 2, 2005, Petitioner filed a *pro se* motion for an extension of time to file a late direct appeal under C.P.L. § 460.30. The Appellate Division denied Petitioner's motion on January 25, 2006.

Petitioner now challenges his sentence through the instant petition for a writ of habeas corpus pursuant to Title 28 of the United States Code ("U.S.C.") § 2254, on the ground that he was improperly sentenced as a predicate felony offender, in violation of the Eighth and Fourteenth Amendments. For the reasons set forth below, the petition is denied.

**I.    Facts**

   **A.    Prior Convictions and Incarcerations**

On May 30, 1987, Petitioner was convicted of attempted robbery in the second degree, a class D felony (P.L. §§ 110.05(5), 160.10(1)), and sentenced on August 7, 1992 to one year of imprisonment. He served a total of 313 days, including time served prior to sentencing, and was released on parole on March 18, 1993.

During the subsequent period, from 1992 to 2004, Petitioner was convicted of various misdemeanors, for which he received sentences of time served or conditional discharge, with short-term suspensions of his driver license.

   **B.    Current Conviction and Incarceration**

On January 31, 2003, at John F. Kennedy International Airport ("JFK Airport") in Queens County, New York, Petitioner and an accomplice stole a suitcase containing property valued in excess of $5,000.00. Petitioner was arrested on March 31, and was charged with grand larceny in

the third degree (P.L. § 155.35).[1]  On July 16, 2003, the district attorney filed a Second Felony Offender Statement pursuant to C.P.L. § 400.21, stating that, on August 7, 1992, Petitioner was sentenced to one year in prison after pleading guilty to attempted robbery in the second degree (P.L. §§ 110.05(5), 160.10(1)), and noting that Petitioner must therefore be sentenced, pursuant to P.L. § 70.06, as a second felony offender.  Petitioner made no objection to the Second Felony Offender Statement.

On January 23, 2004, at a proceeding held before Justice James Griffin in the Queens County Supreme Court, Petitioner, represented by counsel, pled guilty to the grand larceny charge.[2] [3] Petitioner stated that he waived his right to appeal and acknowledged that he was pleading guilty of his own free will.

As a part of Petitioner's plea agreement, sentencing was adjourned so that Petitioner could participate in an "Alternatives to Incarceration" program offered by the Fortune Society.  If Petitioner successfully completed the program, the District Attorney would permit Petitioner to withdraw his felony plea with respect to the grand larceny charge and plead instead to a misdemeanor, and the District Attorney would recommend a sentence of conditional discharge.  However, if Petitioner

---

[1]On March 31, 2003, also at JFK Airport, Petitioner stole a handbag and fled from the police. Following Petitioner's March 31 arrest, he was also charged with criminal possession of a weapon in the third and fourth degrees (P.L. §§ 265.02, 265.01) and petit larceny (P.L. § 155.25) for the handbag incident.

[2]The references to Petitioner's plea are taken from the transcript of the plea proceedings held before Justice James Griffin in the Queens County Supreme Court of the State of New York.on January 23, 2004.

[3]At this proceeding, Petitioner also pled guilty to the weapons possession and petit larceny charges.  (*See, supra*, n.1.)

3

failed to complete the program, was rearrested, or failed to appear before the court when so ordered, he could be sentenced for up to seven years of imprisonment. Petitioner stated that he understood these conditions.

In addition, the court questioned Petitioner about his 1992 felony conviction. Petitioner acknowledged that, on August 7, 1992, in Queens County, he was convicted of attempted robbery in the second degree and was sentenced to one year of imprisonment. He stated that he did not challenge the validity of that prior conviction. As such, the court found Petitioner to be a second felony offender.

Petitioner failed to satisfy the conditional terms of his plea agreement. Accordingly, Petitioner, represented by counsel, was sentenced on September 14, 2004, as a second felony offender, to an indeterminate prison term of three-to-six years of imprisonment on his conviction for grand larceny in the third degree.[4] Petitioner did not file a timely notice of appeal. *See* C.P.L. §§ 460.10(1) (imposing a thirty-day time limit).

### C. Procedural Background

On December 28, 2004, Petitioner filed a *pro se* motion pursuant to C.P.L. § 440.20 to set aside his sentence, claiming that he was not a predicate felony offender under P.L. § 70.06. In a decision dated February 25, 2005, Justice Griffin stated that Petitioner gave "no factual support to demonstrate that his adjudication as a second felony offender was unauthorized, illegally imposed

---

[4]At the same proceeding, Petitioner was also sentenced to a one-to-three year term of imprisonment for his weapons possession and petit larceny convictions (*see, supra*, n. 1, 3), to run concurrent with the sentence imposed for the grand larceny conviction. However, Petitioner was not adjudicated a second felony offender with respect to the weapons possession and petit larceny convictions.

4

or otherwise invalid as a matter of law." Accordingly, he denied Petitioner's motion without a hearing on the grounds that it was conclusory, unsupported by sworn factual allegations, and partially contradicted by the court record.

On March 16, 2005, Petitioner moved, *pro se*, for leave to appeal the denial of his C.P.L. § 440.20 motion to the Appellate Division. Plaintiff argued that his three-to-six year term of imprisonment was "illegal" because his previous felony occurred more than ten years before sentencing, and it could not, therefore, be used as a basis for sentencing him as a predicate felony offender. The Appellate Division denied Petitioner's request on May 9, 2005.

On December 2, 2005, Petitioner moved, *pro se*, for an extension of time to file a late direct appeal of his sentence, under C.P.L. § 460.30, on the ground that his attorney had failed to file a notice of appeal on his behalf, despite the fact that his attorney had allegedly informed Petitioner that he would do so. The Appellate Division denied Petitioner's motion on January 25, 2006.

Petitioner filed the instant *pro se* request for a writ of habeas corpus on November 29, 2005. Petitioner alleges that he was deprived of his right against cruel and unusual punishment under the Eighth Amendment and his due process right to a fair sentence under the Fourteenth Amendment when the sentencing court improperly sentenced him as a second felony offender. According to Petitioner, the conviction for attempted robbery in the second degree, which was used to adjudicate him as a second felony offender, occurred well beyond the ten-year time limit imposed by the second felony offender statute. *See* P.L. § 70.06(b)(iv). During the period from 1992 to 2004, Petitioner asserts that he was only convicted of misdemeanors and sentenced to time served. Accordingly, Petitioner argues, the ten-year time limit was never tolled, and he was improperly adjudicated a second felony offender.

5

## II. Discussion

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if a claim was "adjudicated on the merits" in a state court, a federal district court may grant a petition for a writ of habeas corpus only upon finding that the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that precedent. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). In reviewing the state court decision, "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. Exhaustion

"Prior to bringing a petition for *habeas corpus* pursuant to 28 U.S.C. § 2254, petitioner must exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or] [that] circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000) (quoting 28 U.S.C. § 2254(b)(1)) (alterations in original). The exhaustion requirement is not

6

satisfied unless state prisoners have given the state courts "*one full opportunity* to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)) (emphasis in *Galdamez*). Thus, the petitioner must have "fairly presented" his or her claims to the highest court of the state and "apprise[d] the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." *Fama*, 235 F.3d at 808 (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Galdamez*, 394 F.3d at 73 (citations omitted). A petitioner may apprise a state court of the constitutional nature of his claims "even without citing chapter and verse of the Constitution" by "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Smith v. Duncan*, 411 F.3d 340, 348 (2d Cir. 2005) (citations omitted).

Petitioner's single habeas claim is unexhausted under the standard articulated above. Petitioner did not file a timely direct appeal of his sentence, which became final thirty days after the date of sentencing under C.P.L. § 460.10(1). *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002). He submitted a motion to file a late appeal well over one year after the expiration of the thirty-day statutory time limit. In that motion, Petitioner claimed that his attorney had informed him that he would file a notice of appeal but failed to do so. The Appellate Division denied Petitioner permission to file a late appeal.

7

Moreover, Petitioner failed to present any constitutional claim to the state courts in his C.P.L. § 440.20 motion to set aside his sentence. In that motion, he merely asserted that his sentence was invalid as a matter of law because "IN ACCORDANCE TO C[.]P.L. 70.06 THE DEFENDANT IS NOT A SECOND FELONY OFFENDER." In his motion for leave to appeal the denial of his C.P.L. § 440.20 motion, Petitioner stated, in a supporting affidavit, that his sentence was "illegal" because, although "[t]he term of 3-6 years would have been appropriate for a predicate felon . . . petitioner's previous felony was more than ten years ago and therefore cannot be considered for enhanced sentencing." In addition, Petitioner stated elsewhere in his appeal papers that the issue he was raising on appeal was

> WHETHER TRIAL COURT COMMITTED PLAIN ERROR ON THE FACE OF THE RECORD BY IMPOSING THREE TO SIX YEARS OF IMPRISONMENT WHERE, AS HERE, TRIAL COURT ITSELF OPT [*sic*] THAT UNDER INDICTMENT NUMBER 1308/03, COURT RECORDS CLEARLY SHOW THAT THE DEFENDANT WAS SENTENCED[] AS AN ORDINARY FELON, YET THE TRIAL COURT IMPOSED A SENTENCE THAT IS IMPOSED ONLY UPON A NON[-]VIOLENT PREDICATE FELON OFFENDER.

Petitioner never raised the Eighth and Fourteenth Amendment claims he now sets forth in the instant petition. Nor did his state submissions assert a "claim in terms so particular as to call to mind a specific right protected by the Constitution" or allege "a pattern of facts that is well within the mainstream of constitutional litigation." *See Smith*, 411 F.3d at 348; *c.f.* Petrucelli v. Coombe, 735 F.2d 684, 688 (2d Cir. 1984) (in a case where the petitioner alleged in his state court papers that the introduction of certain evidence "deprived him of [a] fair trial and due process of law," the Second Circuit stated that "[a]lleging lack of a fair trial does not convert every complaint about evidence or a prosecutor's summation into a federal due process claim" and that "a mere statement that 'due process' rights have been violated does not necessarily give rise to a specific federal Constitutional

8

claim") (citations omitted). Rather, Petitioner's state submissions only articulated a single issue requiring application of state law. Thus, Petitioner failed to give the state courts an opportunity to resolve the constitutional issues he now raises for the first time in the instant petition, and, accordingly, he has not exhausted his claim.

C.   **Procedural Default**

For the purposes of exhaustion, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991) (citation omitted). This is because the "petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b). *Id.* Here, as stated earlier, the Appellate Division has denied Petitioner permission to file a late direct appeal. In addition, Petitioner has already filed a C.P.L. § 440.20 motion to set aside his sentence based on the same facts as those he raises in the instant petition. That motion was denied, and Petitioner was further denied leave to appeal. Consequently, Petitioner, having procedurally defaulted, no longer has "remedies available" in the New York state courts under 28 U.S.C. § 2254(b). *See id.*

Petitioner's procedural default bars him from litigating the merits of his claims in these federal habeas proceedings unless he demonstrates (1) "cause for the default and prejudice" or (2) "that failure to consider the claim will result in a miscarriage of justice (*i.e.*, the petitioner is actually innocent)." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," or that Petitioner received constitutionally ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S.

478, 488 (1986). Prejudice can be established by showing "a reasonable probability" that the result of the state proceedings would have been altered by the absence of the alleged constitutional violation. *See Strickler v. Greene*, 527 U.S. 263, 289 (1999).

Petitioner has failed to satisfy the cause-and-prejudice prong because he has not demonstrated any justifiable cause. He does not provide any reason in his petition for his untimely direct appeal or for his failure to apprise the state courts of his constitutional claims.[5] Nor has Petitioner alleged a claim of constitutionally ineffective assistance of counsel, or put forward any arguments or facts in support of such a claim.[6] Therefore, Petitioner has failed to demonstrate cause for his procedural default.[7]

---

[5] While Petitioner is now *pro se* and may have, on that basis, failed to raise certain arguments in his habeas petition and supporting papers, he had an opportunity to reply to the respondent's arguments in opposition to his petition raising the issues described here, but never filed any reply papers.

[6] In his motion to the Appellate Division requesting permission to file a late direct appeal, Petitioner stated that his attorney had promised to file a notice of appeal on his behalf but failed to do so. Even if this court were to construe Petitioner as having somehow raised an ineffective assistance of counsel claim, Petitioner's failure to allege in his petition any arguments or facts in support of the claim would, in any event, render it entirely deficient. *See Strickland v. Washington*, 466 U.S. 668, 689, 694 (1984) (requiring a petitioner claiming ineffective assistance of counsel to show that counsel's representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," and further requiring that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"); *see also Murray*, 477 U.S. 478 at 488 (holding that, "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in procedural default.")

[7] The court need not reach the issue of prejudice, as Petitioner has clearly failed to establish cause.

Nor has Petitioner demonstrated a miscarriage of justice. Because he does not claim that he is actually innocent, he cannot succeed in demonstrating a miscarriage of justice. *See Murray*, 477 U.S. at 496 ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.")

Petitioner is thus barred from litigating his habeas claim on the merits in this federal proceeding.

### D. Second Felony Offender Adjudication

Notwithstanding the foregoing, even if the court were to consider the merits of Petitioner's claim, it would fail. Petitioner argues that he was improperly adjudicated a second felony offender because the prior conviction upon which this adjudication was based occurred more than ten years prior to the crime for which he was being sentenced (the "instant crime").

New York Penal Law states that the "sentence [for the prior predicate conviction] must have been *imposed* not more than ten years before commission of the felony of which the defendant presently stands convicted." P.L. § 70.06(1)(b)(iv) (emphasis added). Although Petitioner committed the prior felony on May 30, 1987, sentence was not imposed until August 7, 1992, which is the relevant date under P.L. § 70.06(1)(b)(iv). Petitioner committed the instant crime on January 31, 2003, almost ten years and six months after sentence was imposed for the prior felony. However,

> any period of time during which [Petitioner] was incarcerated for any reason between the *time of commission of the previous felony* and the *time of commission of the present felony* shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration.

11

P.L. § 70.06(1)(b)(v) (emphasis added). During the period between the commission of the prior felony and the commission of the instant crime (the "relevant time period"), Petitioner served over ten months in prison.[8] Pursuant to P.L. § 70.06(1)(b)(v), these ten months are excluded from the ten-year calculation under P.L. § 70.06(1)(b)(iv), and the prior felony thus occurred approximately four months shy of the ten-year time limit. Accordingly, the state court adjudication that Petitioner was a second felony offender is neither "contrary to . . . clearly established Federal law," nor "based on an unreasonable determination of the facts," *see* 28 U.S.C. § 2254(d), and Petitioner's habeas petition cannot succeed on the merits.

---

[8]Petitioner was incarcerated in Cape Vincent Correctional Facility ("Cape Vincent") from August 20, 1992 to March 18, 1993, or almost seven months. (Wen Decl. Ex. B at 5.) In addition, Plaintiff was credited with 96 days of incarceration at Rikers Island prior to his incarceration in Cape Vincent. (Wen Decl. Ex. B at 4.) Together, this totals over ten months of incarceration. Additionally, the court notes that Petitioner received "time served" sentences for various misdemeanor convictions during the relevant time period. The record does not reflect how much time Petitioner served in this regard, but this information is not essential to the calculation here.

## III. Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus is denied with prejudice. Petitioner is further denied a certificate of appealability, as he fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

SO ORDERED.

DATED: Brooklyn, New York
December 13, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge